**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re: <br><br> SHILPI TANDEN DESAI <br><br> Debtor <br><br> JOSEPH H. BALDIGA, CHAPTER 7 TRUSTEE <br><br> Plaintiff <br><br> v. <br><br> SHILPI TANDEN DESAI *et al.*[1] <br><br> Defendants | Chapter 7 <br> Case No. 11-43816-MSH <br><br><br><br><br> Adversary Proceeding <br> No. 12-04079 |

**MEMORANDUM OF DECISION ON CHAPTER 7 TRUSTEE'S EXPEDITED APPLICATION FOR PRELIMINARY INJUNCTION**

Joseph Baldiga, the chapter 7 trustee and plaintiff in this adversary proceeding, seeks an order enjoining all defendants as well as all entities, including trusts, which they control from transferring, encumbering or spending any of their assets except as necessary for living expenses with respect to the individual defendants and in the ordinary course of business with respect to the entity defendants, pending final judgment in the adversary proceeding. The defendants oppose.

---

[1] The other defendants are Ahria Desai, Ronak Desai, Prem Tanden, Rajni Tanden, Tej Tanden, 48 Gardner Road LLC, Ahria Realty Trust, Allenstown Plaza LLC, Greenwood Trust III, Greenwood Trust VI, Greenwood Trust VII, Greenwood Trust VIII, Greenwood Trust XII, Hillside Allenstown LLC, Hillside Colony Partners LLC, North Andover Rosa Trust, OM Temple, Inc., Omni Faith, One Oak Street Trust, Polyvest Construction, Inc., R & S R.E. Management Inc., R & S Trust, Salem-Broadway Plaza LLC, Shiron, Inc., Star Investments LLC, Tanden Holdings LLC, TD Management, Inc. and Willow Beech Plaza LLC.

1

**Facts**

Except as noted, the relevant facts are not in dispute. On September 9, 2011 (the "Petition Date"), defendant, Shilpi Tanden Desai, filed a voluntary petition under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* Her petition was accompanied by the requisite schedules of assets and liabilities and statement of financial affairs ("SOFA"). In those filings, signed under the penalties of perjury, Ms. Desai stated that she (i) held no stock or other interests in any incorporated or unincorporated businesses, (ii) had transferred one property during the two years prior to her filing bankruptcy, (iii) had not served as an officer, director, partner or managing executive of any business or partnership within the six years prior to her filing bankruptcy and (iv) had not held 5% or more of the voting or equity securities in any business within the six years prior to her filing bankruptcy.

At the meeting of creditors pursuant to Bankruptcy Code § 341, the debtor disclosed that she had managed and invested in commercial properties and owned real estate within two years prior to her bankruptcy petition date. She gave the trustee a copy of a document dated January 1, 2007, entitled Declaration of Intent to Transfer Beneficial Interest (the "2007 Declaration of Intent"), purporting to effect the transfer by the debtor to her mother, defendant Prem Tanden, for consideration of less than $100, of the debtor's interest in (1) R & S Trust, R & S Management, Inc., and all of their holdings, including but not limited to One Oak Street Trust, Greenwood Trust VI, North Andover Rosa Trust and Hillside Plaza, (2) Greenwood Trust VIII, holding an interest in River View Plaza, (3) North Andover Rosa Trust,[2] including its holdings of Breezy Hills Corner, 48 Gardner Street and Allenstown Plaza and (4) Greenwood Trust III and Greenwood Trust XII.

---

[2] The 2007 Declaration of Intent purported to transfer both the debtor's and R & S Trust's and/or R & S Management, Inc.'s interests in the North Andover Rosa Trust.

2

The 2007 Declaration of Intent was signed, witnessed and notarized on January 26, 2007. It has never been recorded.

On January 5, 2012, the debtor moved to amend her schedules and SOFA to disclose, among other things, that she (i) had transferred a vehicle worth $7,345 for no consideration to her sister, defendant Rajni Tanden, on March 31, 2010, (ii) had transferred her residence in Shrewsbury, Massachusetts on February 2, 2010 for no consideration to defendant Ahria Realty Trust, of which the debtor's mother, Prem Tanden, is the trustee and the debtor's daughter, defendant Ahria Desai, is the beneficiary,[3] (iii) held current membership interests in three limited liability companies (defendants Salem-Broadway Plaza, LLC; Allenstown Plaza LLC and Star Investment, LLC) and stock in two other companies (defendants Shiron, Inc. and TD Management, Inc.) and (iv) served as an officer, director, partner, manager or trustee or held 5% or more of the voting or equity securities of eighteen business entities, including the foregoing entities, within the six years prior to the commencement of her bankruptcy case. Those eighteen entities are the defendants Ahria Realty Trust, Allenstown Plaza LLC, Greenwood Trust III, Greenwood Trust VI,[4] Greenwood Trust VIII, Greenwood Trust XII, Hillside Colony Partners LLC, North Andover Rosa Trust, OM Temple, Inc., Omni Faith, One Oak Street Trust, R & S R.E.

---

[3] In her original SOFA the debtor stated she had transferred the residence to the trust but transferred it back to herself and her husband. The amended SOFA does not address the retransfer. On both her original and amended schedule A, however, the debtor listed the Shrewsbury property as owned jointly with her husband.

[4] On her amended schedule H, the debtor identified herself as the trustee of Greenwood Trust VI. In her amended answer to question 10 of the SOFA, she stated that she "executed an Assignment of Beneficial Interest for North Andover Rosa Trust, Greenwood Trust VI and One Oak Street Trust on December 28, 2009. However, the debtor submits that these transfers were ineffective and void as the debtor had previously transferred her beneficial interest in each of these entities to her mother on January 1, 2007. Debtor also resigned as trustee of each of the aforementioned Trusts on December 28, 2009."

Management Inc., R & S Trust, Salem-Broadway Plaza LLC, Shiron, Inc., Star Investments LLC, TD Management, Inc. and Willow Beech Plaza LLC. The motion to amend was allowed without objection.

The trustee plaintiff alleges that the debtor may also hold interests in defendants Greenwood Trust VII and Polyvest Construction, Inc. In his affidavit in support of his application for a preliminary injunction, the trustee states that the debtor was the president and a director of Polyvest although he does not specify when she held these positions. The trustee alleges that interests previously held by the debtor may have been transferred to defendants 48 Gardner LLC, Hillside Allenstown LLC and Tanden Holdings, LLC. He alleges, and the debtor does not dispute, that all of the defendant entities are owned or managed by the debtor and/or members of her immediate family.

One of the entities in which the debtor served as an officer is the defendant, Salem-Broadway Plaza, LLC ("SBP"). In her affidavit in opposition to the application for a preliminary injunction, Ms. Desai stated that in 2003 she "was ready to begin a career in real estate on her own" and to that end formed SBP. In 2004, using funds borrowed from Boston Private Bank and Trust Company ("Boston Private") with whom the debtor's family had a business relationship, SBP acquired a retail shopping plaza and adjacent land on South Broadway in Salem, New Hampshire. On August 23, 2005, SBP, of which the debtor was president and treasurer, refinanced the earlier loan and executed a promissory note in the amount of $2,650,000 in favor of Boston Private. The note was secured by a mortgage on SBP's property. The debtor personally guaranteed SBP's obligations to Boston Private.

The trustee alleges in the complaint that in October 2009 the debtor provided Boston

4

Private with a personal financial statement in which she indicated she owned (i) 100% of defendant Ahria Trust, (ii) 25% of the interests in defendant Oak Street Trust, (iii) 25% of the interests in defendant Hillside Partners, (iv) 37.375% of the interests in "Allentown," which may be a reference to defendant Allenstown Plaza LLC (v) 25% of the interests in defendant Greenwood Trust VI and (vi) 50% of the interests in defendant Greenwood Trust VII. Sometime in 2010, SBP defaulted on its obligations to Boston Private and on June 24, 2010, Boston Private filed suit in Suffolk County Massachusetts Superior Court (the "State Court Action") against SBP and the debtor to collect on the promissory note and guaranty. In or around April 2011 Boston Private, SBP and the debtor entered into a settlement agreement. Among other things, the settlement agreement called for the debtor to provide a corrected financial statement as she then claimed the information in her 2009 disclosure was not accurate. Whether the debtor provided corrected information is unclear, but what is clear is that shortly after entering into the settlement agreement SBP again defaulted. On September 9, 2011, Boston Private conducted a foreclosure sale of the SBP property. The proceeds realized were insufficient to pay Boston Private in full. Boston Private has filed a general unsecured claim in the debtor's bankruptcy case in the amount of $1,455,432.26 arising from the foreclosure deficiency and the debtor's guaranty. Additionally, Boston Private filed an unsecured claim in the amount of $5,877.94 arising from the debtor's guaranty of the obligations of defendant Rosa Trust.[5]

### Positions of the Parties

Boiled down to its essence the trustee's multi-count complaint seeks to set aside numerous alleged fraudulent transfers of the assets of the debtor to or at the direction of the various

---

[5] The defendants, except the debtor's husband and daughter, have filed objections to both of Boston Private's proofs of claim.

co-defendants and to deny the debtor a discharge. He seeks relief under Bankruptcy Code § 548 (fraudulent transfer) (counts I and II); MASS. GEN. LAWS ch. 109A, § 5(a) (Uniform Fraudulent Transfer Act) (counts III and IV); MASS. GEN. LAWS ch. 109A, § 6 (count V); Bankruptcy Code § 544(b) (counts III, IV and V); Bankruptcy Code § 548(e) (count VI); recovery of converted funds under Bankruptcy Code §§ 105 and 541 (count VII) and under the same sections for unjust enrichment (count VIII); and requests that the transferred assets be deemed held in a constructive or resulting trust (count IX) and that any transferees' claims against the debtor's estate be disallowed under Bankruptcy code § 502 (count X). The trustee also seeks denial of the debtor's discharge under Bankruptcy Code § 727(a)(2) and (4) (count XI) and for injunctive relief restraining further transfers pending final disposition of the adversary proceeding (count XII).

In the trustee's complaint, his application for a preliminary injunction and his affidavit in support thereof, the trustee notes that the transfers were not always given immediate effect. In particular the trustee cites the fact that the 2007 Declaration of Intent was not treated by the debtor as being in effect until some two years after the document's execution. The trustee also alleges that before some of the transfers were given effect, additional transfers of the same properties had taken place. As an example the trustee cites the 2007 Declaration of Intent which states that the debtor was transferring to her mother the debtor's beneficial interests in, among other entities, the R & S Trust, R & S Management, Greenwood Trust VIII, North Andover Rosa Trust, Greenwood Trust III, and the Greenwood Trust XII.   According to the trustee, however, the debtor's tax returns as well as those of some of the entities in which she allegedly gave up her beneficial interests demonstrate that the debtor still received the benefits of her equity interests through at least 2009. Then in 2009 she purportedly transferred some of those same beneficial interests again

6

to her mother.

The debtor counters the trustee's allegations with her affidavit as well as those of her father, defendant Taj Tanden, and Stephen Cain, a certified public accountant who has prepared tax returns for many of the defendants. Mr. Tanden testified in his affidavit that in the early 1990s, when the debtor and her sister were in their teens and early 20s, he purchased various property in his daughters' names expecting that the properties would generate enough income "to meet their educational and financial needs until they had established themselves professionally" at which point, Mr. Tanden stated, he expected his daughters to transfer the properties to his wife and him.

In his affidavit Mr. Cain stated that in 2007 Mr. Tanden informed him that the debtor had signed the 2007 Declaration of Intent and that the debtor's sister had executed a similar document. Mr. Cain stated that based on his understanding from Mr. Tanden that the daughters' interests were valued at between $5 and $6 million, he advised Mr. Tanden that completing the transfers would trigger a gift tax liability in excess of $1 million for each daughter. Accordingly, Mr. Cain stated in his affidavit that he believed the transfers were not effectuated in 2007. Mr. Cain further stated in his affidavit that Mr. Tanden consulted him concerning the transfers about a year later and that Mr. Cain gave him the same advice. Mr. Cain noted that on December 17, 2010, the lifetime exemption from federal gift taxes increased from $1 million to $5 million per taxpayer and that in November 2011 Mr. Tanden requested that Mr. Cain prepare gift tax returns reflecting the transfers of the various interests.

Despite the defendants' opposition to the trustee's request for injunctive relief, the parties have stipulated that the defendants would refrain from making any voluntary transfers of their assets other than for payment of necessary living expenses by the individual defendants and for

7

payment of ordinary course business expenses by the entity defendants pending a ruling on the trustee's request.

## Discussion

To obtain preliminary injunctive relief under Fed. R. Civ. P. 65, made applicable to this proceeding by Fed. R. Bankr. P. 7065, the moving party must demonstrate:

> (1)the likelihood of success on the merits, (2) the potential for irreparable harm if the injunction is denied, (3) the [favorable] balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

*Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004) (internal quotation marks and citation omitted). The Trustee has "the burden of proving the basis for a preliminary or permanent injunction." *National Rural Utils. Co-op. Fin. Corp. v. Prosser*, 467 B.R. 59, 67 (D. Del. 2011). "The s*ine qua non* of [the preliminary injunction standard] is whether the plaintiffs are likely to succeed on the merits." *Weaver v. Henderson,* 984 F.2d 11, 12 (1st Cir. 1993). *See also United Steelworkers of America v. Textron, Inc.,* 836 F.2d 6, 7 (1st Cir. 1987) ("The heart of the matter is whether 'the harm caused the plaintiff without the injunction, *in light of* the plaintiff's likelihood of eventual successful on the merits, outweighs the harm the injunction will cause defendants.' ") (quoting *Vargas–Figueroa v. Saldana,* 826 F.2d 160, 162 (1st Cir. 1987) (emphasis in original)).

The burden of providing a factual basis sufficient to justify a preliminary injunction rests with the party seeking the injunction. *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir. 2003). Unless the parties' competing versions of events are "in sharp dispute such that the 'propriety of injunctive relief hinges on determinations of credibility,' " *Rohm & Haas Elec. Materials, LLC v. Elec. Circuits Supplies, Inc.,* 759 F.Supp.2d 110, 117 (D. Mass. 2010) (quoting

8

*Campbell Soup Co. v. Giles,* 47 F.3d 467, 470 (1st Cir. 1995)), the Court is free to accept as true "well-pleaded allegations [in the] complaint and uncontroverted affidavits." *Id.* at 114 n. 2 (quoting *Elrod v. Burns,* 427 U.S. 347, 350 n. 1, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976)). The Court must ensure that "given the nature and circumstances of the case ... the parties have a fair opportunity to present relevant facts and arguments to the court, and to counter the[ir] opponent's submissions." *Aoude v. Mobil Oil Corp.,* 862 F.2d 890, 894 (1st Cir. 1988). *See also U.S. Elec. Services, Inc. v. Schmidt*, 2012 WL 2317358 (D. Mass. June 19, 2012).

The core activities giving rise to the claims of the trustee in his complaint are avoidable asset transfers and concealment or failure to disclose required information. The alleged participants in these activities are the debtor, of course, as well as defendants Rajni Tanden, the debtor's sister, Prem Tanden, the debtor's mother, Tej Tanden, the debtor's father, Ronak Desai, the debtor's husband, Ahria Desai, the debtor's daughter,[6] Ahria Realty Trust and OM Temple. The remaining defendants appear to be entities whose assets or ownership interests may have been the subject of the alleged improper activities but who themselves do not appear to have been active participants in those transactions and against whom the trustee appears to be seeking only the entry of an injunction to prevent further transfer or dissipation of assets.

Based on the record before me I find that the trustee has established a likelihood of success on the merits of his complaint. The timing of the debtor's transfers of assets in 2010 to her sister and to Ahria Realty Trust, which was established for the benefit of her daughter, around the time when SBP was in or approaching default of its obligations to Boston Private, which obligations the

---

[6] The debtor does not list any children on schedule I so it is unclear whether her daughter is a minor and whether her only connection to any transfer is as the beneficiary of the Ahria Realty Trust.

9

debtor had personally guaranteed, strongly suggests that the transfers were intended to hinder, delay or defraud her creditors. Similarly, the debtor's explanation, in which her father joins, that the properties which the debtor's father allegedly purchased in the debtor's name were purchased with the intent that they would be conveyed to him or his wife in the future, is contradicted by the debtor's including some of those very properties as her assets in the financial statement given by her to Boston Private in 2009. The debtor's subsequent admission that her 2009 financial statement was inaccurate merely illustrates a pattern of evasive behavior by the debtor. This pattern of evasiveness is exhibited again even more starkly by the inconsistencies between the debtor's original and amended schedules and SOFA.

Based on the debtor's lack of candor in connection with the required disclosures in her bankruptcy filings, the scope and complexity of the transactions involving the defendants, the interfamilial nature of those transactions, their lack of transparency and the inability to rely on documentation to definitively establish the terms of many of those transactions, I find that there is a likelihood that further asset transfers will take place. I find further that unless pre-judgment injunctive relief is afforded the trustee, the bankruptcy estate on whose behalf the trustee brings this action will suffer irreparable harm and that such harm outweighs the harm to the defendants if a properly circumscribed injunction is entered. Thus injunctive relief will be limited to those defendants who the trustee alleges actively participated in the conduct complained of and as to such defendants will permit ordinary course transactions. I also find that the public interest in upholding the integrity of the bankruptcy process and the need to insure equitable treatment of creditors' claims justifies the granting of injunctive relief.

**Conclusion**

I will therefore order that defendants, Shilpi Tanden Desai, Ahria Desai, Ronak Desai, Prem Tanden, Rajni Tanden, Tej Tanden, Ahria Realty Trust and OM Temple, Inc., individually and through their agents, employees, and to the extent applicable, their officers, directors and trustees, shall be enjoined from transferring, encumbering, assigning, pledging, mortgaging or spending any assets except for necessary living expenses for the individual defendants and expenses in the ordinary course of business for the entity defendants, or, with respect to any entity in which any of the said defendants, separately or in any combination, owns a controlling interest, from causing any such entity to transfer, encumber, assign, pledge, mortgage or spend any assets outside the ordinary course of business of such entity.

A separate order shall enter.

Dated: December 28, 2012

By the Court

Melvin S. Hoffman
U. S. Bankruptcy Judge

Counsel Appearing:

Joseph H. Baldiga, Mirick, O'Connell,
DeMallie & Lougee, LLPWorcester, MA
for the trustee

Christopher Panos, Craig and Macauley
Professional Corporation, Boston, MA
for Prem Tanden, Rajni Tanden, Tej
Tanden, 48 Gardner Road LLC, Ahria

Realty Trust, Allenstown Plaza LLC, Greenwood Trust III, Greenwood Trust VI, Greenwood Trust VII, Greenwood Trust VIII, Greenwood Trust XII, Hillside Allenstown LLC, Hillside Colony Partners LLC, North Andover Rosa Trust, OM Temple, Inc., Omni Faith, One Oak Street Trust, Polyvest Construction, Inc., R & S R.E. Management Inc., R & S Trust, Salem-Broadway Plaza LLC, Shiron, Inc., Star Investments LLC, Tanden Holdings LLC, TD Management, Inc., Willow Beech Plaza LLC.

Jeffrey J. Cymrot, Sassoon & Cymrot LLP, Boston, MA
for Shilpi Tanden Desai, Ahria Desai and Ronak Desai